UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :
                                            07 Cr. 841 (DLC)
         - v. -                     :

ARIDIO LEBRON,                      :

                                    :

              Defendant.            :

- - - - - - - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE


                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York,
                          Attorney for the United States
                             of America


JESSICA A. MASELLA
Assistant United States Attorney
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :
                                               07 Cr. 841 (DLC)
        - v. -                        :

ARIDIO LEBRON,                        :

                                      :

              Defendant.              :
- - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

**TABLE OF CONTENTS**

**Request No.**                                                                    **PAGE**

1.   General Requests . . . . . . . . . . . . . . . . . . . .   1

2.   The Indictment . . . . . . . . . . . . . . . . . . . .   2

3.   Count One: Narcotics Conspiracy: General Instructions. .   3

4.   Elements of Conspiracy . . . . . . . . . . . . . . . .   5

5.   First Element -- Existence of the Conspiracy . . . . . .   7

6.   Second Element -- Membership in the Conspiracy . . . . .   15

7.   Overt Acts . . . . . . . . . . . . . . . . . . . . . .   21

8.   Special Interrogatory on Drug Quantity . . . . . . . . .   22

9.   Variance: Time of Conspiracy, Dates, and Amounts . . . .   24

10.  Venue. . . . . . . . . . . . . . . . . . . . . . . . .   26

11.  Use of Tape Recordings and Transcripts . . . . . . . . .   28

12.  Use of Confidential Informants and Cooperating Witnesses   31

13.  Stipulations of Testimony. . . . . . . . . . . . . . . .   32

14.  Stipulation of Facts . . . . . . . . . . . . . . . . . .   33

15.  Accomplice/Cooperating Witness Testimony . . . . . . . .   34

16.  Defendant's Right Not to Testify . . . . . . . . . . . .   38

17.  Defendant's Testimony. . . . . . . . . . . . . . . . . .   39

18.  Character Testimony. . . . . . . . . . . . . . . . . . .   40

19.  Persons Not On Trial Or Not Indicted . . . . . . . . . .   41

20.  Particular Investigative Techniques Not Required . . . .   42

21.  Law Enforcement Witnesses. . . . . . . . . . . . . . . .   43

22.  Uncalled Witness -- Equally Available to Both Sides. . .   44

i

23.  Preparation of Witnesses . . . . . . . . . . . . . . .  46

24.  Conclusion . . . . . . . . . . . . . . . . . . . . . .  47

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Credibility of Witnesses

j.   Interest in Outcome

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Sympathy:  Oath as Jurors

m.   Improper Considerations:  Race, Religion, National Origin, Sex or Age

n.   Punishment Is Not to Be Considered by the Jury

o.   Verdict of Guilt or Innocence Must be Unanimous

REQUEST NO. 2

The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains one count, identified as Count One. Before you begin your deliberations, you will be provided with a copy of the Indictment containing the charges.

Count One charges that ARIDIO LEBRON, the defendant, participated with others in a conspiracy to violate the narcotics laws of the United States by distributing cocaine, or possessing cocaine with intent to distribute it. Count One charges, and I am reading now from the Indictment, that:

> **[The Court is respectfully requested to read Count One of the Indictment, up to the overt acts.]**

Thus, Count One of the Indictment charges that the object, or objective, of the narcotics conspiracy was to distribute cocaine, or to possess cocaine with the intent to distribute it.

Count One also lists certain specific, or "overt" acts that are alleged to have been committed in furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

REQUEST NO. 3

Narcotics Conspiracy - General Instructions

Let me begin by describing to you what a conspiracy means under the law.  As I said before, the defendant is charged with having been a member of a conspiracy to violate certain federal laws relating to narcotics.

A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or agreement -- to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to violate the federal narcotics laws even if you find that the substantive crime which was the object of the conspiracy - the distribution or possession with intent to distribute a controlled substance - was never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charges of the Honorable
> John G. Koeltl in United States v. Alvarado-
> Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995),
> and the Honorable Harold Baer in United
> States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y.
> 1997).  See United States v. Labat, 905 F.2d

3

18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

REQUEST NO. 4

Narcotics Conspiracy - Elements of Conspiracy

In order to sustain its burden of proof with respect to the charge in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In other words, the Government must prove that there was, in fact, an agreement or understanding to violate those provisions of the law which make it illegal to distribute a controlled substance, or possess a controlled substance with the intent to distribute it.

Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy. That is, the Government must prove that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with intent to distribute a controlled substance.

Now let us separately consider the two elements. First, the existence of each conspiracy; and second, whether the defendant knowingly associated himself with, and participated in, the conspiracy.

5

Adapted from the charges of the Honorable
John G. Koeltl in <u>United States</u> v. <u>Alvarado-
Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995),
and the Honorable Harold Baer in <u>United
States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y.
1997).

The Government notes that under Section 846,
it is not necessary for the Government to
allege or prove even one overt act.  <u>See</u>
<u>United States</u> v. <u>Shabani</u>, 115 S.Ct. 382, 385
(1994) (Government need not prove commission
of any overt acts in furtherance of
conspiracy in violation of section 846
conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d
988, 992 (2d Cir. 1989) ("The only elements
of a section 846 narcotics conspiracy offense
are the existence of a conspiracy and
defendant's willful joining it."); <u>United
States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d
Cir.), <u>cert. denied</u>, 439 U.S. 986 (1978);
<u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94
(2d Cir. 1975), <u>cert. denied</u>, 425 U.S. 970
(1976).

<u>REQUEST NO. 5</u>

<u>Narcotics Conspiracy – First Element: Existence of the Conspiracy</u>

Starting with the first element, what is a conspiracy? As I mentioned just a few moments ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful objective.  In this instance, the unlawful purposes alleged to be the objects of the conspiracy alleged in the Indictment are the distribution of a controlled substance and the possession of a controlled substance with the intent to distribute it.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged in Count One, therefore, is the <u>agreement</u> to distribute a controlled substance or the <u>agreement</u> to possess a controlled substance with the intent to distribute it.  It is an entirely distinct and separate offense from the <u>actual</u> distribution of a controlled substance, or the <u>actual</u> possession of a controlled substance with the intent to distribute it.

Now, to show that a conspiracy existed, the Government is not required to show that two or more people sat around a

7

table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

Now, when I speak of two or more persons, I do not include as potential co-conspirators any persons acting as confidential informants.  Acts of confidential informants while they are acting as confidential informants are not the acts of co-conspirators, since they were operating under the direction of the Government.  Similarly, statements of confidential informants while they are acting as confidential informants are not the statements of co-conspirators.  Actions taken or statements made under the supervision of the Government itself are not to be considered for these purposes.  But if you find beyond a reasonable doubt that two or more persons, not acting in an undercover capacity, came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to

8

this element.

In determining whether there has been an unlawful
agreement as alleged in the Indictment, you may consider the
actions of all the alleged co-conspirators that were taken to
carry out the apparent criminal purpose.  The old adage, "actions
speak louder than words," applies here.  Often, the only evidence
that is available with respect to the existence of a conspiracy
is that of disconnected acts on the part of the alleged
individual co-conspirators.  When taken all together and
considered as a whole, however, that conduct may warrant the
inference that a conspiracy existed just as conclusively as more
direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof
established beyond a reasonable doubt the existence of the
conspiracy charged in the Indictment.  In considering this first
element, you should consider all the evidence that has been
admitted with respect to the conduct and statements of each
alleged co-conspirator, and any inferences that may reasonably be
drawn from that conduct and those statements.  It is sufficient
to establish the existence of a conspiracy, as I have already
said, if, from the proof of all the relevant facts and
circumstances, you find beyond a reasonable doubt that the minds
of at least two alleged co-conspirators met in an understanding
way, to accomplish the objectives of the conspiracy charged in

9

the Indictment.

Objects of Conspiracy

        The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.  Count One of the Indictment here charges the following object of the conspiracy: the distribution of cocaine and the possession of cocaine with the intent to distribute it.  I will define the terms "distribution" and "possession" for you later in this charge.

"Distribution"

        The word "distribution" means the actual, constructive or attempted transfer of a controlled substance.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require a sale.

"Possession With Intent to Distribute"

        What does "possession with intent to distribute" mean? We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that a defendant had the controlled substance on his person, therefore, you may find that he had possession of it.  However, a person

10

need not have actual, physical possession -- that is, physical
custody of an object -- in order to be in legal possession of it.
If an individual has the ability to exercise substantial control
over an object, even if he does not have the object in his
physical custody at a given moment, and that person has the
intent to exercise such control, then he is in legal possession
of that article.  This is called "constructive possession."

Control over an object may be demonstrated by the
existence of a working relationship between one person having the
power or ability to control the item, and another person who has
actual physical custody.  The person having control "possesses"
the controlled substance because he has an effective working
relationship with the people who have actual physical custody of
the controlled substance and because he can direct the movement
or transfer or disposition of the controlled substance.  In
addition, an individual may have possession of an item that is
not found on his person, because that individual has a
relationship to the location where the item is maintained.  In
this manner, for example, a business person may legally possess
things that are scattered throughout a number of stores or
offices or installations around the country.

More than one person can have control over the same
narcotics.  The law recognizes that possession may be sole or
joint.  If one person alone has actual or constructive possession

11

of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt in your mind that I physically possess the pen.

Another example:  Let's say I brought in some candy today and left it on my law clerk's desk.  She knows that she can't eat all of that candy; she'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My law clerk also has control over of it.  I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  My friend and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely we have possession of it, even though it's in a safety deposit box.

That is what is meant by "possession."  In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person.

Now is as good a time as any to instruct you that cocaine is defined by the law as a controlled substance.

I further instruct you that the purity and the actual quantity of the narcotics involved are not elements of the crimes, so you need not be concerned with that. Let me also instruct you that a defendant need not know the exact nature of the drug. In other words, you need only find that the co-conspirators agreed either to distribute or to possess with the intent to distribute some quantity of a controlled substance. I will provide you with a special instruction on drug quantity later during the charge.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997). See also Sand et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted). See also United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally

13

discussing proof of agreement).

See also United States v. Campuzano, 905 F.2d
677 (2d Cir.) (quantity not an element of §
841 or § 846 offenses; proper not to present
question of quantity to jury), cert. denied,
498 U.S. 947 (1990).

<u>REQUEST NO. 6</u>

<u>Narcotics Conspiracy - Second Element: Membership in the
Conspiracy</u>

If you conclude that the Government has proven beyond a
reasonable doubt that the conspiracy charged in the Indictment
existed, then you must next determine the second question:
Whether the defendant participated in the conspiracy with
knowledge of its unlawful purposes, and in furtherance of its
unlawful objectives.

The Government must prove beyond a reasonable doubt
that the defendant knowingly and intentionally entered into the
conspiracy with a criminal intent -- that is, with a purpose to
violate the law -- and that the defendant agreed to take part in
the conspiracy to promote and cooperate in its unlawful
objectives.

<u>"Unlawfully," "Intentionally" and "Knowingly" Defined</u>

The terms "unlawfully," "intentionally" and "knowingly"
are intended to ensure that if you find that the defendant did
join the conspiracy, you also conclude beyond a reasonable doubt
that, in doing so, he knew what he was doing; in other words,
that he took the actions in question deliberately and
voluntarily.

An act is done "knowingly" and "intentionally" if it is
done deliberately and purposely; that is, the defendant's acts
must have been the product of the defendant's conscious

15

objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts, statements and conversations alleged to have taken place involving the defendant or in his presence.  The Government contends that these acts, statements and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purposes of the conspiracy.

The defendant denies that he was a member of the charged conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its

16

participants.  It is not even necessary for a defendant to know every other member of a conspiracy.  In fact, a defendant may know only one other member of a conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from his participation in a conspiracy, or have a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of his guilt.  He need not have joined a conspiracy at its outset.  He may have joined at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during that conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge

that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

I instruct you that in determining whether the defendant is a member of the conspiracy charged in the Indictment, you need not determine the precise quantity of narcotics involved.  Indeed, the quantity of narcotics involved does not matter for this purpose.  Thus, if you find beyond a

18

reasonable doubt that the defendant conspired to distribute or possess with intent to distribute any amount of narcotics, check the corresponding item marked "guilty" on the verdict form.    If you find, however, that the Government has not proven beyond a reasonable doubt that the defendant conspired to distribute or possess with intent to distribute any amount of narcotics, then you should check the corresponding item marked "not guilty" next to Count One on the verdict form.

In a few moments I will instruct you more specifically about the findings you should make concerning quantity if you find the defendant guilty of the conspiracy charged in Count One of the Indictment.

Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997), and from Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18, and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").

See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."). See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); United States v.

19

Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

REQUEST NO. 7

Narcotics Conspiracy - Overt Acts

Count One of the Indictment also contains paragraphs entitled "overt acts."  These "overt acts" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objectives of the charged conspiracy.  That portion of the Indictment alleges:

> **[The Court is respectfully requested to read the "OVERT ACTS" section of Count One.]**

It is not necessary for the Government to prove that the specified overt acts alleged were committed, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member in the conspiracy.  Indeed, it is not necessary for the Government to allege or prove even one overt act on the part of the defendant.

> As noted previously, under 21 U.S.C. § 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S.Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978).

21

REQUEST No. 8

Narcotics Conspiracy - Special Interrogatory on Drug Quantity

         With respect to the narcotics conspiracy charged in
Count One, if you find that the Government has proven the two
elements beyond a reasonable doubt - the existence of the
conspiracy and the defendant's membership in that conspiracy -
then you must find the defendant guilty of Count One of the
Indictment and indicate your verdict on the verdict form, which I
will provide to you.

         If you find the defendant guilty, you will then be
asked to determine whether it was reasonably foreseeable to the
defendant that the conspiracy involved particular quantities of
cocaine, specified by the statutes and rules.  You do not need to
determine the precise quantity of drugs involved.  Rather, you
need only decide whether more than certain specified amounts of
cocaine were involved.  As you will see, you will be required to
indicate on the verdict form whether the Government has
established beyond a reasonable doubt that it was reasonably
foreseeable to the defendant that the object of the conspiracy
charged in Count One of the Indictment was to distribute or
possess with intent to distribute a) 5 kilograms or more of
cocaine; or b) 500 grams or more of cocaine.

         All of your findings regarding quantity must be made
beyond a reasonable doubt.

22

Adapted from the charge given in United States v. Encarnacion, 02 Cr. 1126 (RMB). See also Apprendi v. New Jersey, 120 S.Ct. 2348 (2000); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001); United States v. Martinez, 987 F.2d 920, 922 (2d Cir. 1993) ("The late-entering co-conspirator should be sentenced on the basis of the full quantity of narcotics distributed by the conspiracy only if, when he joined the conspiracy, he could reasonably foresee the distributions of future amounts, or reasonably should have known what the past quantities were.").

<u>REQUEST NO. 9</u>

<u>Variance: Time of Conspiracy, Dates, and Amounts</u>

The Indictment states that the charged narcotics conspiracy existed from at least on or about August 7, 2007, up to and including on or about August 8, 2007.

It is not essential that the Government prove that the conspiracy started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and existed for some time around the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

Let me also instuct you that as you are considering the charges in the Indictment, it does not matter if a specific event is alleged to have occurred on or about a certain date and the testimony or other evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-13, and from the charges of Judge Weinfeld in <u>United States v. Della Rocca</u>, 72 Cr. 217 (S.D.N.Y. 1972), of Judge Metzner in <u>United States v. Koss</u>, <u>aff'd</u>. 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in <u>United States v. Lofland</u>, 75 Cr. 769 (S.D.N.Y. 1975).
>
> Adapted from the charges of the Hon. John F. Keenan in <u>United States v. Carrero</u>, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); the Hon. Michael

24

B. Mukasey in <u>United States v. Bello</u>, 91 Cr. 571 (MBM), <u>aff'd</u>, 990 F.2d 622 (2d Cir. 1993); the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); and the Honorable Harold Baer in <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

<u>See</u> <u>United States v. Heimann</u>, 705 F.2d 662, 666 (2d Cir. 1983) ("[b]ecause proof at trial need not, indeed cannot, be a precise replica of the charges contained in the Indictment, this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial").

25

REQUEST NO. 10

Venue

In addition to the elements I have described for you, you must decide whether the agreement or any act in furtherance of the conspiracy charged occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, among other counties, and the waters surrounding the island of Manhattan.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.

With respect to a charge of conspiracy, it is enough if the Government proves that any act in furtherance of the conspiracy was committed in this District.  It does not matter whether that act was committed by a defendant or by a co-conspirator.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the agreement or an act in furtherance of the conspiracy occurred in this District.

If, on the other hand, you find that the Government has failed to prove this venue requirement, then you must acquit the

26

defendant.

Adapted from the charge of the Honorable
Charles S. Haight, Jr. in <u>United States</u> v.
<u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991)
(wire fraud), and from Sand <u>et al</u>., <u>Modern
Federal Jury Instructions</u>, Instr. 3-11.

<u>See</u> 18 U.S.C. § 3237 (general venue provision
for offenses beginning in one district and
ending in another, including mail fraud).
<u>See also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d
1044, 1054-55 (2d Cir.) (affirming that venue
is governed by a preponderance standard),
<u>cert. denied</u>, 502 U.S. 1014 (1991).

REQUEST NO. 11

Use Of Tape Recordings and Transcripts

As you heard at this trial, tape recordings of telephone conversations and meetings have been admitted into evidence. As I said, whether you approve or disapprove of the recording of those conversations may not enter your deliberations. All of the recordings admitted in this case were made in a lawful manner and no one's rights were violated. The Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the guilt of the defendant beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the charge of the Honorable Allen G. Schwartz in United States v. Percan, 99 Cr. 392 (AGS) (S.D.N.Y. 1999).

In connection with these tapes, you heard testimony that portions of the conversations were in Spanish. For that reason, it was necessary for the Government to obtain translations of those conversations into English. The transcripts of those conversations embody the testimony of the Spanish interpreter called by the Government to testify. These transcripts were admitted into evidence. To the extent that you

28

accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves of the Spanish conversations.

**(In the alternative, if applicable:)**

[The transcripts of those conversations were the subject of a stipulation which was read to you during trial. In the stipulation, the parties agreed that the transcripts contained accurate English translations of the Spanish conversations. You should therefore consider the translations as you would any other evidence in the case, and give them the weight you deem appropriate as the finder of the facts.]

Some of the tapes you heard were in the English language, or contained portions that were in English. The Government has also prepared transcripts of these English conversations. These transcripts have been given to you as an aid or guide to assist you in listening to the English language portions of the tapes. However, the English transcriptions are not themselves evidence. You should make your own interpretation of what appears in English on the tapes based on what you heard. If you think you heard something in English differently that what appears on the transcripts, then what you heard is controlling. Keep in mind that this does not apply to the Spanish language conversations. With respect to those conversations, the translations themselves are evidence, and your own

29

interpretations do not control.

If you wish to hear any of the tapes again, or see any of the transcripts, they will be made available to you during your deliberations.

> See United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir.) (proper to play foreign language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder), cert. denied, 444 U.S. 981 (1979); United States v. Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy), cert. denied, 444 U.S. 1079 (1980).

30

<u>REQUEST NO. 12</u>

<u>Use of Confidential Informants and Cooperating Witnesses</u>

There has been testimony before you with respect to the use of confidential informants and/or cooperating witnesses. Confidential informants and cooperating witnesses are frequently used by the Government to obtain leads and to gain introduction to persons suspected of violating the law. There are certain types of crimes which would be extremely difficult to detect without the use of informants or cooperating witnesses. Because this law enforcement technique is entirely lawful, your personal view on its use -- whether you approve or disapprove -- is beside the point and must not affect your evaluation of the evidence in this case.

Let me put it another way. If you are satisfied beyond a reasonable doubt that the defendant committed the offense charged in the Indictment, you should find him guilty even though you believe that his apprehension came about in some measure by the Government's use of a confidential informant or a cooperating witness.

Adapted from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-23.

31

REQUEST NO. 13

Stipulations Of Testimony
(If applicable)

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, Modern Federal Jury
Instructions; Criminal, Instruction 5-7.

REQUEST NO. 14

Stipulation Of Facts
(If Applicable)

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Adapted from Sand, Modern Federal Jury
Instructions; Criminal, Instruction 5-6.

<u>REQUEST NO. 15</u>

<u>Accomplice/Cooperating Witness Testimony</u>

You have heard from a witness who testified that he was actually involved in carrying out crimes other than those charged in the Indictment.  There has been a great deal said about this so-called "cooperating" witness in the summations of counsel and whether or not you should believe him.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue, and/or in other crimes.  The Government must take its witnesses as it finds them, and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury.  If such witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony.  Indeed, it is the law in federal courts that the testimony of a cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

34

However, because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice to the charged crimes and/or has participated in other crimes can be considered by you as bearing upon his credibility.  However, it does not follow that simply because a person has admitted in participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of a witness' recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness -- like any other witnesses called in this case -- has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You heard testimony about an agreement between the Government and the cooperating witness.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a

35

witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was the testimony made up in any way because the cooperating witness believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

36

Adapted from Sand, <u>Modern Federal Jury Instructions; Criminal</u>, Instruction 7-5; from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in <u>United States</u> v. <u>Projansky</u>, 465 F.2d 123, 136-37 n.25 (2d Cir.) (specifically approving charge set forth in footnote), <u>cert. denied</u>, 409 U.S. 1006 (1972).

<u>See</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), <u>cert. denied</u>, 444 U.S. 1082 (1980), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).  <u>See also</u> <u>United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

37

<u>REQUEST NO. 16</u>

<u>Defendant's Right Not to Testify</u>
(If Requested By Defense)

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instruction 5-21.

38

REQUEST NO. 17

Defendant's Testimony
(Requested Only If the Defendant Testifies)

The defendant testified at trial.  You should examine and evaluate the defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457
F.3d 238, 249 (2d Cir. 2006).

39

REQUEST NO. 18

Character Testimony
(If Applicable)

You have heard testimony that the defendant [*insert description of testimony:  e.g., has a good reputation for honesty in the community where he lives and works and for truthfulness*].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).]

40

REQUEST NO. 19

Persons Not On Trial Or Not Indicted

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may also not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons were not named as defendants in the Indictment.  The circumstances that these persons were not indicted must play no part in your deliberations.  Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore you may not consider it in any way in reaching your verdict as to the defendant on trial.

> Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).

> Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), And from Sand, et al., Modern Jury Instructions, Instruction 3-4.

41

REQUEST NO. 20

Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examinations of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

42

REQUEST NO. 21

Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses, including agents with the Federal Bureau of Investigation.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.

43

REQUEST NO. 22

Uncalled Witness -- Equally Available to Both Sides
(If Applicable)

Both the Government and a defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by a defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or unfavorable to a defendant or unfavorable to both sides.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91 Cr. 361 (KC) (S.D.N.Y. 1991) and from Sand, Modern Federal Jury Instructions; Criminal, Instruction 6-7.  See generally United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

"[W]hen a witness is equally available to both sides, `the failure to produce is open to an inference against both parties.'  No instruction is necessary where the unpresented testimony would be merely cumulative." United States v. Torres, 845

44

F.2d 1165, 1169 (2d Cir. 1988) (citations
omitted) (emphasis in original).  <u>See also</u>
<u>United States</u> v. <u>Nichols</u>, 912 F.2d 598, 601
(2d Cir. 1990) (whether to give charge is
committed to discretion of trial judge;
generally discussing applicable standards).

<u>REQUEST NO. 23</u>

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness' credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); of Hon John G. Koeltl in <u>United States</u> v. <u>Brooks</u>, 99 Cr. 1027 (S.D.N.Y. December 14, 1999); and of Hon. Loretta A. Preska, <u>United States</u> v. <u>Allen</u>, 99 Cr. 929 (LAP) (S.D.N.Y. 2000).

46

REQUEST NO. 24

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the single count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

47

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); <u>see also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

48

Dated:    New York, New York
          March 5, 2008


                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York

                        Attorney for the United States
                        of America


                  By:  _____/s/_____
                  JESSICA A. MASELLA
                        Assistant United States Attorney
                        Tel.: (212) 637-2288

49

## <u>CERTIFICATE OF SERVICE</u>

Jessica A. Masella deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York, and that on March 5, 2008, she caused a copy of the within Government's Requests to Charge to be served on:

> Sabrina Shroff
> Federal Defender's of New York, Inc.
> 52 Duane Street, 10th Floor
> New York, New York 10007

by causing a copy of same to be delivered by Hand Delivery and ECF to the above.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


_____/s/_____
JESSICA A. MASELLA

Dated:      March 5, 2008