

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 18, 2008

**By Hand Delivery and ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  <u>United States</u> v. <u>Manaure Tavarez,</u>
          07 Cr. 841 (DLC)

Dear Judge Cote:

    The Government respectfully writes in advance of the sentencing for defendant Manaure Tavarez, scheduled for July 25, 2008, at 12:00 p.m.  I write to alert the Court to a material difference between the United States Sentencing Guidelines (the "Guidelines") range calculated in parties' plea agreement and the Guidelines sentence calculated by the Probation Office in the Presentence Investigation Report (the "PSR").

    On March 4, 2008, Tavarez pleaded guilty to Count One of the above-referenced indictment, charging him with participating in a conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of Title 21, United States Code, Section 846.  That crime ordinarily carries with it a mandatory minimum sentence of ten years' imprisonment.  <u>See</u> 21 U.S.C. § 841(b)(1)(A).

    At the time of Tavarez's guilty plea, Tavarez pleaded guilty pursuant to a plea agreement, in which the parties anticipated that Tavarez would be eligible for the so-called "safety valve" relief, set out in Title 18, United States Code, Section 3553(f), from the otherwise applicable mandatory minimum in this case.  That plea agreement was based on, among other things, the parties' belief that Tavarez did not have more than one criminal history point.  <u>See</u> 18 U.S.C. § 3553(f)(1).  However, in the PSR, the Probation Office noted that Tavarez in fact has three criminal history points (one point stemming from a 2006 conviction for unauthorized use of a motor vehicle and two additional points because the defendant was on probation for that

offense at the time of the conduct in the instant case). <u>See</u> PSR ¶¶ 32-36. Because the criminal history calculation in the PSR appears to be correct, Tavarez is not eligible for safety valve relief from the ten-year mandatory minimum in this case.

Accordingly, the Government respectfully submits that the Court should sentence Tavarez to a Guidelines sentence in this case, as correctly calculated in the PSR, which is 120 months' imprisonment.

Thank you for your consideration of these matters.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
Jessica A. Masella
Assistant United States Attorney
Telephone: (212) 637-2288


cc.: Paul S. Brenner, Esq.
     *Counsel for Manaure Tavarez*
     (By Facsimile and ECF)